# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stawski Distributing, Inc., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 50117 |
| | ) | |
| Robert Kociecki, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motion for Rule 11 sanctions [70] is denied. However, plaintiff's federal trademark claims are dismissed without prejudice to refiling on or before 8/30/2013 if counsel can do so in accordance with his Rule 11 obligations. If the federal trademark claims are not refiled within the allotted time the remaining state law claims will be dismissed without prejudice to refiling in the appropriate state court.

## STATEMENT

Plaintiff, Stanley Stawski Distributing Company, Inc. ("SSDC"), has sued defendants, Robert and Lisa Kociecki, Alliance Beverage, Inc., and Stawski Imports, Inc., alleging federal trademark infringement and related claims. Before the court is defendants' motion for Rule 11 sanctions. For the reasons that follow, the motion is denied.

### I. BACKGROUND

According to the allegations in the complaint, since at least 1960, SSDC has been an importer and distributor of liqueurs, spirits, and beer under the trademark STAWSKI®, which SSDC registered with the United States Patent and Trademark Office in December 2011. Robert Kociecki was employed by SSDC for nearly ten years. Robert and his wife Lisa incorporated Alliance Beverage, Inc. while Robert was still working for SSDC. Robert's employment contract as Chief Operating Officer, expired on December 31, 2011, when SSDC failed to renew his contract. Thereafter, SSDC learned that on March 14, 2012, Robert incorporated Stawski Imports, Inc. with the Illinois Secretary of State. The availability of that corporate name was the result of Robert's failure as Chief Operating Officer to see to the continued good standing of an Illinois corporation in that name which was a corporate affiliate of SSDC by common ownership through Stawski family members. On March 15, 2012, SSDC's trademark counsel had a telephone conversation with Robert during which Robert offered to sell the Illinois corporate registration "Stawski Imports, Inc." to SSDC. On the same date, SSDC's trademark counsel delivered a cease and desist letter to defendants which provided in part that:

> Stawski just recently learned that you and your company are importing,

offering for sale and selling beer in the United States under the name STAWSKI IMPORTS INC. Such use, which is not authorized by Stawski, violates both federal and state law. Further, you and your company's actions appear to be nothing more than a deliberate and willful attempt to dilute and damage the distinctive nature and quality of Stawski's STAWSKI® trademark and the long-standing goodwill developed by Stawski thereunder. Your registration of the corporate name STAWSKI IMPORTS, INC. does not alter STAWSKI's Federal Trademark Rights.

> Accordingly, Stawski demands that you and your company immediately cease all use of Stawski's STAWSKI® trademark, destroy all products, literature and other materials bearing Stawski's STAWSKI® trademark, and provide Stawski with an accounting of all sales of products bearing Stawski's STAWSKI® trademark. This matter is of the gravest nature.

> Unless we receive a written assurance from you that you and your company will immediately comply with the foregoing demand by 5:00 p.m. on Friday March 23, 2012, we have been instructed to take immediate legal action against you.

On April 5, 2012, SSDC filed a verified complaint seeking, among other relief, temporary, preliminary, and permanent injunctive relief, and alleging that defendants used SSDC's federally registered trademark, STAWSKI®, constituting trademark infringement in violation of 15 U.S.C. § 1114 (Count I), trade dress infringement in violation of 15 U.S.C. § 1125 (Count II), unfair competition in violation of 15 U.S.C. § 1125 (Count III), and various state law claims (Counts IV-VI). Defendants agreed within a few days after the complaint was filed to dissolve Stawski Imports, Inc. On April 27, 2012, this court entered a temporary restraining order ("TRO") by agreement of the parties which, among other things, enjoined defendants from:

> importing, advertising, promoting, marketing, offering for sale or selling liquor under Plaintiff STAWSKI DISTRIBUTING CO., INC.'s federally registered STAWSKI® trademark and the STAWSKI® trade dress;
>
> . . . .
>
> . . . using in any manner, including the name Stawski Imports, Inc., in buying, selling, importing, advertising, promoting, marketing, offering for sale or selling any liqueurs, spirits and/or beer, using or implying the use of the name STAWSKI in doing so.

By agreement of the parties, the TRO remained in effect until the entry of an agreed preliminary injunction on July 17, 2012, which was subsequently vacated and superceded by a preliminary injunction entered on July 19, 2012. The preliminary injunction enjoins defendants from the same activity as did the TRO.

On July 31, 2012, defendants filed a motion for partial summary judgment contending that they never sold, marketed or otherwise represented themselves as a provider of, or connected with, any good or service bearing the STAWSKI® mark and that plaintiff cannot present evidence to the contrary.[1] In response, SSDC filed a Rule 56(d) motion for leave to respond to defendants' motion

---

[1]This motion was withdrawn and then refiled and remains pending.

for partial summary judgment after discovery is concluded. SSDC's motion was supported by its counsel's affidavit in which he asserted that SSDC filed its claims in federal district court after Robert incorporated "Stawski Imports, Inc.," and based on the cease and desist letter its trademark counsel sent to defendants in which he asserted that defendants were using SSDC's trademark and "importing, offering for sale, and selling beer in the United States under the name STAWSKI IMPORTS, INC."

On August 22, 2012, counsel for defendants wrote counsel for SSDC demanding the dismissal of Counts I-IV and VI pursuant to Rule 11 and providing in pertinent part:

> As we have repeatedly told you and as stated in the defendants' motion for Summary Judgment, aside from the incorporation of the name Stawski Imports, Inc. and a subsequent call between Mr. Kociecki and Mr. Beiser, the defendants have done absolutely nothing with the name. Mr. Beiser's Declaration and correspondence, in which he makes the conclusory assertions that the defendants were "using" the Stawski trademark and "importing, offering for sale and selling beer in the United States under the name Stawski Imports, Inc." is utterly false. Registering the name is not synonymous with use. Moreover, as a matter of law it is not actionable. Furthermore, the act of simply registering a name does not constitute an act of "importing," "offering for sale" or "selling."
>
> . . . . The defendants submit that you have failed to undertake the requisite reasonable inquiry under the circumstances. There is absolutely no evidentiary support for the plaintiff's allegations and argument that any of the defendants ever used, sold, offered for sale or imported any product bearing the Stawski mark. You had no such evidence prior to the time you filed suit, and no such evidence exists today. At best, you have only been able to point to a purchase order for product purportedly imported by Stawski Distributing or Stawski Imports. That purchase order, however, means nothing. No product was ever purchased, imported, sold or offered for sale.
>
> Pursuant to Rule 11, demand is hereby made upon you to withdraw counts I, II, III, IV and VI, all of which are predicated on the aforementioned false declaration and correspondence.

Defendant's filed their motion for Rule 11 sanctions on February 1, 2013.

## II. ANALYSIS

In support of their motion for sanctions, defendants contend that they never sold, marketed or otherwise represented themselves to any member of the public as a provider of, or connected with, any good or service bearing the STAWSKI® name, mark, or trade dress. Instead, according to defendants, they did nothing more than incorporate a company with the Illinois Secretary of State by the name "Stawski Imports, Inc.," which, as a matter of law, is not "use in commerce" necessary to support plaintiff's federal trademark claims. Notwithstanding the foregoing, defendants maintain that SSDC filed its claims based on nothing but unsupported conclusions and accusations. In order to demonstrate that SSDC ran afoul of Rule 11 in filing their initial complaint in this case, defendants rely heavily on the fact that SSDC made clear that it could not provide evidence to

3

oppose defendant's motion for summary judgment without the aid of discovery. In response, SSDC argues that defendants' motion for Rule 11 sanctions is untimely and, in any event, should be denied because it was objectively reasonable to bring its claims when it filed its complaint.

SSDC maintains that defendants' Rule 11 motion is untimely because it was filed 302 days after SSDC filed its complaint. In response, defendants maintain that their Rule 11 motion for sanctions is timely because it was filed within a reasonable period of time after SSDC's Rule 11 violation. Motions for Rule 11 sanctions should be filed "as soon as practicable after discovery of a Rule 11 violation." Divane v. Krull Elec. Co., 200 F.3d 1020, 1027 (7th Cir. 1999) (quotation marks omitted). The allegedly sanctionable act in this case was filing the complaint on April 5, 2012, without sufficient legal and evidentiary support. Instead of immediately pressing the issue, defendants waited until August 22, 2012, to send defendants the required Rule 11 safe harbor letter, and then waited until February 1, 2013 to file the instant motion for Rule 11 sanctions. In the meantime, defendants agreed to the entry of a TRO and then a preliminary injunction enjoining them from committing the trademark infringement alleged in the complaint. While defendants may have had practical or strategic purposes for their actions, such practicalities or strategies do not make their motion timely. Under the circumstances, the court cannot find that defendants' motions for Rule 11 sanctions was filed "as soon as practicable after discovery of a Rule 11 violation," Divane, 200 F.3d at 1027, and therefore the motion is denied.

Even if defendants' Rule 11 motion was timely, the court would not impose sanctions in this case. Federal Rule of Civil Procedure 11 states:

> (b) Representations to the Court. By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). The Lanham Act makes unlawful the unauthorized:

> use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114. The Lanham Act further imposes civil liability when a person uses:

> any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or

> commercial activities by another person, or . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

Id. § 1125(a). SSDC argues that by incorporating Stawski Imports, Inc. with confidential information obtained through Robert's employment with SSDC, defendants had the means and vehicle to compete with SSDC using the corporate name "Stawski Imports, Inc.," a name deceptively similar to the STAWSKI® mark, as well as a corporate name formerly belonging to SSDC. At the time SSDC filed its complaint, the reasonable inference was that defendants either (a) were using the STAWSKI® mark in their business, or (b) were very close to doing so when SSDC filed this suit to protect its name and reputation. SSDC maintains that there is still a question as to whether any of the defendants ordered or sold SSDC products, or products with the STAWSKI® mark, as part of their business.

Defendants, on the other hand, are essentially arguing that because SSDC was unable to successfully oppose their motion for summary judgment without the aid of discovery, they must not have had a good faith basis to bring their claims in the first place. However, defendants' first premise does not necessarily lead to their second because Rule 11 allows for the filing of a complaint where there is a good faith basis to believe that the factual contentions "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). While various district courts have held that registration of the corporate name like "Stawski Imports, Inc." does not in and of itself constitute "use in commerce," see Calabrese, Racek & Markos, Inc. v. Racek, No. 5:12-cv-02891-SL, 2013 WL 3893978, at *3-5 (N.D. Ohio July 26, 2013) (dismissing trademark infringement claim for lack of subject matter jurisdiction where registration of corporate name was the alleged use in commerce); Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty., No. CV F 09-1988 LJO SMS, 2010 WL 843131, at *7 (E.D. Cal. Mar. 10, 2010) (dismissing Lanham Act claims with leave to replead after concluding that filing articles of incorporation with same name that had been used previously by plaintiff was not a use in commerce necessary to support its subject matter jurisdiction); Enea Embedded Tech., Inc. v. Eneas Corp., No. 08-CV-1595-PHX-GMS, 2009 WL 648891, at *7 (D. Ariz. Mar. 11, 2009) (dismissing complaint for lack of subject matter jurisdiction concluding that allegations of registering business names that included plaintiff's trademark were not allegations that defendants used the mark on or in connection with any goods or services); Crown Realty & Dev., Inc. v. Sandblom, No. CV 06-1442-PHX–JAT, 2007 WL 177842, at *2 (D. Ariz. Jan. 22, 2007) (finding that plaintiff failed to plead allegations which would satisfy the commercial use requirement and dismissing the Lanham Act claims without prejudice to refiling should the defendant begin using the company name to sell goods or services), registration of the trade name was a strong indication that defendants were planning to use the Stawski name in commerce. Under these circumstances plaintiffs cannot be sanctioned for bringing an action to prevent defendants from using their mark in commerce. Moreover, although the court finds the above cited cases well-reasoned and persuasive, they are district court decisions that are not binding on this court. Consequently, SSDC's counsel was free to urge this court not to follow these authorities. See Fed. R. Civ. P. 11(b)(2) (allowing the certification of claims that "are warranted . . . by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). For all these reasons, the court declines to impose sanctions.

Although the court has concluded that sanctions are not warranted, the court agrees with defendants that SSDC's federal claims should be dismissed. Having reviewed the above-cited authorities granting Rule 12(b)(1) motions to dismiss for want of subject matter jurisdiction under similar circumstances, the court finds it appropriate at this stage to consider its own jurisdiction. Subject matter jurisdiction must be examined by a court at every stage of the litigation, regardless of whether parties raise the issue. United Phosphorous, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (7th Cir. 2012); see also Joyce v. Joyce, 975 F.2d 379, 386 (7th Cir. 1992) ("Prompt, sua sponte recognition of flaws in subject matter jurisdiction is commendable. Indeed, it is the district court's duty to review the pleadings carefully for such defects. The federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction." (quotation marks and alteration omitted)). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

While SSDC's trademark counsel wrote in his cease and desist letter, unburdened by Rule 11 obligations, that SSDC recently learned that defendants were "importing, offering for sale and selling beer in the United States under the name STAWSKI IMPORTS, INC.," which Robert had recently registered, no such allegation is made in the complaint. Instead, SSDC's complaint offers only the legal conclusion that defendants used their mark in commerce through recitation of that element of its trademark claims. Such pleading is specifically prohibited under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, even if the assertions in the cease and desist letter were considered as allegations of the complaint, they are insufficient due to ambiguity and lack of sufficient factual detail. Specifically, it is not clear if trademark counsel believes, albeit erroneously, that merely registering the corporate name "Stawski Imports, Inc." constitutes "use in commerce," or if he learned about some actual use in commerce but does not explain the nature of that commercial use. Under these circumstances, the court must dismiss SSDC's federal trademark claims without prejudice to refiling if SSDC's counsel can do so in accordance with his Rule 11 obligations. If, however, amended trademark claims are not filed within the allotted time period, the court will relinquish supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice to refiling in the appropriate state court.

Date: 8/14/2013　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　FREDERICK J. KAPALA

　　　　　　　　　　　　　　　　　　　District Judge